IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**     * | |
|                                  * | |
| vs.                              * | Case No. 1:21-cr-00028-2 (APM) |
|                                  * | |
| **DONOVAN CROWL**,               * | |
| **Defendant**                    * | |
|                                  * | |

ooOoo

**SECOND MOTION TO DISMISS COUNTS I and II AND
FOR DISCLOSURE OF GRAND JURY MINUTES**

Donovan Crowl, by his undersigned counsel, hereby respectfully moves this Honorable Court to dismiss Counts One and Two, which charge a conspiracy in violation of 18 U.S.C. § 371 to obstruct an official proceeding in violation of 18 U.S.C. § 1512(c)(2); and a substantive count of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) on the ground that in presenting the case to the Grand Jury, the Government incorrectly instructed the Grand Jury with respect to the elements of 18 U.S.C. § 1512(c)(2).

Were the Court to determine that it has insufficient information to grant Mr. Crowl's Second Motion to Dismiss, he respectfully requests that the Court Order the Government to produce, pursuant to FED. RULE CRIM. PROC. 6(e)(3)(c)(iii) for an order disclosing the grand jury transcripts relating to the instructions to verify if the grand jury was given incorrect instructions on the § 1512(c)(2) counts so that he may review them in support of his motion.

In support of his Motion, Mr. Crowl states the following.

1.      Pursuant to 18 U.S.C. § 1512(c)(2), "whoever corruptly ... obstructs, influences, or impedes any official proceeding, or attempts to do so is subject to criminal liability.

2. In its Omnibus Opposition to Motions to Defendants' Motions to Dismiss, the government cited several definitions for the term "corruptly" as used in § 1512(c)(2):

    a. "wrongful, immoral, depraved, or evil" acts;

    b. acting with "consciousness of wrongdoing;"

    c. "to act 'corruptly' is to act 'with an improper purpose and to engage in conduct knowingly and dishonestly with specific intent to subvert, impede, or obstruct"

    d. "with the purpose of wrongfully impeding the due administration of justice"

Gov't Omnibus Opposition to Motions to Defendants' Motions to Dismiss (ECF 313) at 25-26.

3. These definitions of the term "corruptly" are erroneous.

4. In *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991), the D.C. Circuit held that the term "corruptly" is unconstitutionally vague and that terms

> like "depraved," "evil," "immoral," "wicked," and "improper" are no more specific – indeed they may be less specific – than "corrupt."

951 F.2d at 378-79.

5. In *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005), the Supreme Court rejected the "wrongfully impeded" definition of "corruptly"

> the jury was told to convict if it found petitioner intended to "subvert, undermine, or impede" governmental factfinding. . . . These changes were significant. "[D]ishonest[y]" was no longer necessary to a finding of guilt, and it was enough for petitioner to have simply "impede[d]" the Government's factfinding ability. "Impede" has broader connotations than "subvert" or even "undermine," and many of these connotations do not incorporate any "corrupt[ness]" at all. Under the dictionary definition of "impede," anyone who innocently persuades another to withhold information from the Government "get[s] in the way of the progress of" the Government. With regard to such innocent conduct, the "corruptly" instructions did no limiting work whatsoever.

*Arthur Andersen LLP*, 544 U.S. at 697 (reversing conviction under § 1512(b)(2) as a result of improper jury instruction).

  6.  The dual roles of the Grand Jury are deeply rooted in our system of justice:

> the Founders thought the grand jury so essential to basic liberties that they provided in the Fifth Amendment that federal prosecution for serious crimes can only be instituted by 'a presentment or indictment of a Grand Jury.' The grand jury's historic functions survive to this day. Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions.

*United States v. Calandra,* 414 U.S. 338, 343 (1974) (internal citations omitted); *United States v. Stevens,* 771 F. Supp.2d 556, 566 (D. Md. 2011).

  7.  Where a "prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts "grave doubt that the decision to indict was free from the substantial influence" of the erroneous instruction." *Stevens*, 771 F. Supp.2d 556, 567 (D. Md. 2011), *citing United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991) (*citing Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)).

  8.  In the instant case, the legal instructions provided to the grand jury on the defintion of the term "corruptly" were incorrect.

  9.  It thus raises "grave doubts as to whether the decision to indict was free from substantial influence of the improper instruction." *Stevens, supra,* at 568.

  10.  The error "went to the heart of the intent required to indict." *Stevens*, *supra.*

  11.  The incorrect instruction "either substantially influenced the decision to indict or, at the very least, creates grave doubt as to that decision." *Id*.

12.   Accordingly, this Honorable Court should dismiss the Indictment in whole.

13.   Were the Court to find that it has insufficient evidence from which to make a finding that the prosecutors seriously misstated the law to the Grand Jury, Mr. Crowl respectfully requests that it Order the government to produce the Grand Jury minutes regarding its instructions to the Grand Jury on the elements of the § 1512(c)(2) charges. *See* Rule 6(e)(3)(E)(ii), FED. R. CRIM. P.

Wherefore, Mr. Crowl respectfully requests that this Honorable Court dismiss Counts One and Two of the Indictment. Were the Court to find that the underlying facts warranting dismissal have not be adequately developed, he respectfully requests that this Honorable Court Order the government to disclose to her the minutes of the Grand Jury proceedings relating to the legal instructions on the § 1512(c)(2) counts.

Respectfully submitted,

*/s/ Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record 2nd day of September, 2021 on all counsel of record via ECF.

/s/

**Carmen D. Hernandez**