**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| vs. | * | Case No. 1:21-cr-00028-2 (APM) |
| | * | |
| **DONOVAN CROWL**, | * | |
| **Defendant** | * | |
| | * | |

ooOoo

**MOTION TO DISMISS COUNT THREE**

Donovan Crowl, by his undersigned counsel, hereby respectfully moves this Honorable Court to dismiss Count Three of the Fifth Superseding Indictment that charges a violation of 18 U.S.C. § 1361, Destruction of Government Property on the grounds that it fails to state an offense.

**The Statute - 18 U.S.C. § 1361.**

> Whoever willfully injures or commits any depredation against any property of the United States . . . or attempts to commit any of the foregoing offenses, shall be punished as follows:
>
> If the damage or attempted damage to such property exceeds the sum of $1,000, by a fine under this title or imprisonment for not more than ten years, or both; if the damage or attempted damage to such property does not exceed the sum of $1,000, by a fine under this title or by imprisonment for not more than one year, or both.

**Standard for Dismissal**

Where the facts as alleged are undisputed, which they can be for the sake of this argument, and where the facts if true would not sustain a conviction, a district court ought to dismiss, rather than waiting for a jury to hear the factual issues and acquit. *See United States v. Yakou*, 428 F.3d 241 (D.C. Cir. 2005) (affirming dismissal of indictment pretrial). Authority to dismiss an indictment even where it is facially sufficient is found in Rule 12(b), FED. R. CRIM. P. *Id.* at 246.

As the D.C. Circuit has explained:

> There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context. Instead, Rule 12(b) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The "general issue" has been defined as "evidence relevant to the question of guilt or innocence."

*Yakou,* 428 F.3d at 246 (internal citations omitted); *see also See United States v. Levin*, 973 F.2d 463, 467 (6th Cir.1992) (pretrial dismissal affirmed in a medicare fraud case, where the operative facts were undisputed and a two or three week trial of the substantive criminal charges would not have assisted the district or appellate court in deciding the legal issues joined by the defendant's pretrial motion to dismiss certain counts of the indictment). Significantly, the Sixth Circuit noted "that the district court was not limited to the face of the indictment in ruling on the motion to dismiss since Rule 12 vested the court with authority 'to determine issues of fact in such a manner as the court deems appropriate.'" *Id.*

Similarly in *United States v. Risk*, 843 F.2d 1059 (7th Cir. 1988), the Seventh Circuit affirmed dismissal of a facially sufficient indictment explaining that the undisputed facts did not constitute a violation of any statute. In other words, the government's own facts proffered to the defendant and the district court simply did not conform to the allegations in the indictment. The district court found no violation and correctly dismissed the indictment, not because the government could not prove its case, but because there was no case to prove. *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988); *accord United States v. Adkinson*, 135 F.3d 1363, at n. 11 (11th Cir. 1998).

**Count Three Fails to State an Offense**

Count Three alleges that Mr. Crowl "attempted to, and did, willfully injure and commit depredation against property of the United States, that is, the United States Capitol building . . . that exceeded $1,000, and did aid and abet others known and unknown to do so." Fifth Superseding Indictment (ECF 328) at 33. Count Three specifically refers to ¶¶ 142-43 of the Indictment, which allege:

> At the top of the steps, the Stack joined and then pushed forward alongside *a mob that* aggressively advanced towards the east side Rotunda doors at the central east entrance to the Capitol, assaulted the officers guarding the doors, *threw objects and sprayed chemicals towards the officers and the doors*, and pulled violently on the doors.
>
> At 2:39 p.m., ISAACS joined the crowd in forcibly pushing against one of the east side Rotunda doors and the law enforcement officers guarding that door. Shortly thereafter, the Capitol doors were breached by the mob, and ISAACS entered the building.

Indictment (ECF 328) at 27-28 (emphasis added).

The two paragraphs cited in Count Three do not allege that Mr. Crowl destroyed any property, wilfully or otherwise, nor that he attempted to do so. Moreover, the government "wholly acknowledges that the destruction of the doors began approximately 20 minutes" before Mr. Crowl is alleged to have entered the Capitol. Government's Opposition to Defendant's Motion for Reconsideration of Detention Order (ECF 103) at 21.

The government's suggestion that it may convict Mr. Crowl as an aider and abetter is unavailing because the only principal alleged in the Indictment is a "mob." And a mob cannot serve as a principal. *See, e.g., United States v. Rodgers*, 419 F.2d 1315, 1317 (10th Cir. 1969) ("law is settled that one cannot be guilty of aiding and abetting in the commission of a crime until it has been

established that someone has committed that crime"). "Knowledge that a crime is being committed, even when coupled with presence at the scene, is generally not enough to constitute aiding and abetting. *United States v. Garguilo*, 310 F.2d 249, 253 (2d Cir. 1962).

In this case, the government again has charged Mr. Crowl on a novel theory that it is not even employing in any of the other January 6 cases. Upon information and believe, this is the only case where the defendants are being charged with a § 1361 count where none of the co-defendants destroyed property. Such selective prosecution in a case where First Amendment activities are implicated cannot stand.

## CONCLUSION

For purposes of this motion, there are no factual disputes. And the undisputed facts are not sufficient to sustain a conviction. *See, e.g., United States v. Dean,* 629 F.3d 257, 259 (D.C. Cir. 2011). This Court should therefore dismiss Count III against Mr. Crowl pursuant to Rule 12(b). *See United States v. Yakou*, 428 F.3d 241 (D.C. Cir. 2005).

Respectfully submitted,

*/s/ Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record 2nd day of September, 2021 on all counsel of record via ECF.

/s/
_____
**Carmen D.  Hernandez**