IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| **vs.** * | Case No.  21-cr-00028-2 (APM) |
| * | |
| **DONOVAN CROWL**, * | |
| **Defendant** * | |
| * | |

**ooOoo**

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MR. CROWL'S MOTION TO DISMISS COUNTS ONE AND TWO FOR FAILURE TO STATE AN OFFENSE AND FOR VAGUENESS

Donovan Crowl, by his undersigned counsel, hereby advise this Honorable Court of pertinent and significant authority that has come to Mr. Crowl's attention after the recent hearing and the filing of Memoranda in the case, which is pertinent and significant to the issues raised by Mr. Crowl in his motion and reply (ECF 288, 400).

In *Dream Defenders, et al., v. Ron DeSantis*, 4:21-cv-00191-MW-MAF (N.D. Fla. Sept. 9, 2021), the Chief Judge of the Northern District of Florida entered a preliminary injunction against enforcement of Florida Statute § 870.01(2), an "anti-riot" law enacted by the Florida legislature in 2021.[1]   Preliminary Injunction attached as Exhibit 1.

---

[1] Section 870.01(2), Fla. Stat. (2021) provides:

A person commits a riot if he or she willfully participates in a violent public disturbance involving an assembly of three or more persons, acting with a common intent to assist each other in violent and disorderly conduct, resulting in:

  (a) Injury to another person;
  (b) Damage to property; or
  (c) Imminent danger of injury to another person or damage to property.

The court's analysis is relevant to the questions raised by Mr. Crowl. With respect to the vagueness issue, the question before the *DeSantis* Court was "whether a person of ordinary intelligence can understand what the statute prohibits." *Id.* at 50.

> So the question before this Court is not whether there is *any* reading that would render the statute constitutional. Nor is it whether there is a possible, plausible, or simply reasonable reading that would render the statute constitutional. Instead, the question is whether there is a constitutional reading of the statute that is both *reasonable* and *readily apparent* and, thus, does not require this Court to rewrite the statute to conform it to constitutional requirements.

*Id.* at 48 (emphasis original).

The *DeSantis* opinion is also relevant to Mr. Crowl's argument that the conduct alleged in the Indictment implicates First Amendment activities that requires a heightened standard of review.[2] The opinion is also relevant to Mr. Crowl's argument that application of § 1512(c)(2) to the conduct charged in this case chills the First Amendment rights of all Americans. Even with a statute, whose terms are more precise than § 1512(c)(2)' "corruptly . . . otherwise obstructs, influences, or impedes" the *De Santis* court recognized that the legislation criminalizes a defendant's participation in a protest even if the individual defendant did not participate in the violent acts himself, the very theory of prosecution propounded by the government in this case.

---

[2] *See, e.g.,* Crowl Motion (ECF 288) at 2-4 ("When activity that falls within the shadow of the First Amendment is alleged to be criminal, courts are required to apply the strictest standards of judgment in ensuring that only intentional criminal activity is prosecuted and not constitutionally protected actions, beliefs or associations"); Reply (ECF 400) at 22 ("To interpret 'corruptly' [in obstruction statute] as meaning 'with an improper motive or bad or evil purpose' would raise the potential of overbreadth' in this statute because of the chilling effect on protected activities. . . Where 'corruptly' is taken to require an intent to secure an unlawful advantage or benefit, the statute does not infringe on first amendment guarantees and is not 'overbroad.'").

As the *DeSantis* Court explained:

> First, as explained above, the statute is vague because it is subject to multiple reasonable constructions. It is also not subject to a limiting construction. Second, considering the statute's ambiguous scope, it is overbroad. To be sure, the statute criminalizes a large amount of unprotected activity. But, in its ambiguity, it also consumes vast swaths of core First Amendment speech. *Because it is unclear whether a person must share an intent to do violence and because it is unclear what it means to participate, the statute can plausibly be read to criminalize continuing to protest after violence occurs, even if the protestors are not involved in, and do not support, the violence.* The statute can also be read to criminalize other expressive activity, like remaining at the scene of a protest turned violent to film the police reaction. *See Toole v. City of Atlanta*, 798 F. App'x 381, 388 (11th Cir. 2019) (explaining that persons have a clearly established First Amendment right to peacefully protest and to film police).

*Id.* at 75-76 (emphasis added).

Respectfully submitted,

*/s/ Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

### CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record 10th day of September, 2021 on all counsel of record via ECF.

/s/

**Carmen D. Hernandez**