IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| vs. | * | Case No. 1:21-cr-00028-APM-2 |
| | * | |
| **DONOVAN CROWL** | * | |
| **Defendant** | * | |
| | * | |

ooOoo

### MOTION TO MODIFY CONDITIONS OF
### PRETRIAL RELEASE WITH THE CONSENT OF THE
### PRETRIAL SERVICES OFFICE

Donovan Crowl, by his undersigned counsel, respectfully requests that this Honorable Court modify its Pretrial Release Order to eliminate electronic monitoring. Pretrial Services Officers Masharia Holman (DC) and Frank Clardy (SD OH) are of the opinion that electronic monitoring is no longer needed because Mr. Crowl has demonstrated he can maintain his compliance without it. AUSA Kathryn Rakoczy opposes this request but has authorized counsel to state that the Government will not file an opposition.

1. Mr. Crowl has been on pretrial release since March 26, 2021 (ECF 115).

2. Since release, Mr. Crowl has been in substantial compliance with the conditions of pretrial release. He remains gainfully employed and receives counseling services through the Veterans Administration.

3. On May 23, 2022, the Court stepped down the level of supervision to require Mr. Crowl to be released on a curfew, which requires him to be at home between the hours of 11:00 p.m. and 6:00 a.m. Order (ECF 678, 5/23/22).

4. Most recently, on July 13, 2022, the Court modified Mr. Crowl's conditions to authorize him to travel to the state of Michigan for employment purposes (ECF 711). Due to the nature of the work, which involved the dredging of a boat dock canal as well as other construction work, the Court authorized the removal of electronic monitoring as the underwater work would have damaged the electronic bracelet. The Court has twice modified the conditions to allow Mr. Crowl to continue his employment in Michigan. Orders (ECF 727, 8/14/22; ECF 741, 9/16/22). Mr. Crowl's has completed the employment in Michigan and will be returning to his home in Ohio, where he continues to be gainfully employed.

5. Since July 13, 2022, Mr. Crowl has been reporting by phone weekly to his Pretrial Services Officer in Ohio.

6. As noted above, the Pretrial Services Officers in Ohio and the District of Columbia believe that electronic monitoring is no longer necessary as Mr. Crowl has shown that he will comply with the conditions of pretrial release without electronic monitoring.

7. All other conditions of pretrial release shall remain in place.

WHEREFORE, Mr. Crowl respectfully moves that this Honorable Court to modify its Order Setting Conditions of Release to eliminate electronic monitoring, retain the curfew and require Mr. Crowl to report by phone weekly to his Pretrial Services Officer in Ohio.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

    I hereby certify that the instant notice was served on all counsel of record 3rd day of October, 2022 on all counsel of record via ECF.

                                                /s/ *Carmen D. Hernandez*
                                                **Carmen D. Hernandez**