UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| v.                        * | Case No.  121-cr-28 (APM) |
|                           * | |
| DONOVAN CROWL,            * | |
|    DEFENDANT              * | |
|               ****** | |

DONOVAN CROWL'S RESPONSE TO
GOVERNMENT'S PRETRIAL STATEMENT

Donovan Crowl, by his undersigned counsel, hereby submits the following response with additions and objections to the Government's Pretrial Statement.

I. **Proposed Preliminary Instructions**

Mr. Rehl proposes the following additions.

   A. **Summary of Charges**

   1. **Counts One and Two – page 3**: Insert the word "corruptly" in the description of Count One, the obstruction conspiracy as well as in Count Two, the substantive obstruction count. This modification is necessary to describe the essential elements of the offense as set out in the statutory language.

   2. **Count Three, Four and Seven – page 4**: Delete the first sentence that states that the counts apply *only* to defendants Crowl and Beeks. As they are the only two defendants on trial, this sentence is not necessary and will likely confuse the jury.

   3. **Count Four – page 4**: Insert the "Rotunda doors" in place of "property" in the phrase "for the alleged damage to *property* at the U.S. Capitol on January 6."

1

    4.  **Count Five.**  Insert description of this Count, which charges Mr. Crowl with remaining in a restricted building in violation of 18 U.S.C. 1752(a)(1), a misdemeanor. The summary of the charges does not include any reference to this Count.

  B.  **Not Guilty Plea – page 4.**  Insert "Mr. Crowl asserts his innocence and has pleaded not guilty.  Mr. Beeks asserts his innocence and has pleaded not guilty." [The sentence referencing Mr. Beeks should be included if he so desires.]  This would replace the government's proposed language, which reads "Both defendants have pleaded not guilty to all charges in the indictment.

  C.  **Trial Procedures – page 6.**  Only the government will have various individuals sitting at counsel table other than the attorneys.  Accordingly, replace the phrase "both sides" with the "prosecution."

  D.  **Use of the term "defendant" and "government."**  Throughout the document, Mr. Crowl requests that the Court refrain from using the term "defendant".  In its place, he asks that the Court refer to him by name; use the term "accused" -- the word that appears in the Sixth Amendment; or use the tertm "person."   Similarly, Mr. Crowl requests that the term the "government" be replaced with the "prosecution."

  E.  **Reporting only "substantial" exposure to media references.**  Mr. Crowl requests that the Court instruct the jury to report to the Clerk any and all instances where a juror is exposed to information about the case from outside sources.  He objects to the Court instructing the jury that it need only report "substantial" references as that is a subjective standard, which may allow for unduly prejudicial or just extra-judicial information to be considered the jurors.

**II.**  **Jury Instructions**

  Mr. Crowl respectfully reserves his right to object to the proposed jury instructions at the charge conference after the evidence has been introduced.

**III.      Prosecution's List of Statements it Seeks to Introduce.**

Mr. Crowl respectfully requests that the Court hold a separate hearing to determine the admissibility of the hundreds of out-of-court statements that the prosecution seeks to introduce, a practice that this Court has followed in other conspiracy cases not involving January 6. The undersigned counsel has not yet finished reviewing the statements.

Approximately, 10 days ago, the prosecution provided undersigned counsel an excel spread sheet with 454 separate statements dating from September 2020, before the charged conspiracy is alleged to have begun through January 14, 2021, a date which is after the last overt act charged. The overwhelming number of such statements are hearsay statements, made by others, outside the presence of Mr. Crowl and without his knowledge. Many of the declarants are persons not previously known to Mr. Crowl. Indeed, it appears that Mr. Crowl himself is alleged to have made no more than two dozen of these statements.

Significantly in this case, such statements are likely protected by the First Amendment or at a minimum implicate First Amendment values. The Court is therefore required to apply a strict standard in assessing the admissibility of such statements.

Moreover, in this case, the conditional admission of such statements on the theory that the statements may be admissible as co-conspirator statements is a risky proposition in a case where by the government's own reckoning at least two separate conspiracies were at play – the seditious conspiracy and the obstruction conspiracy. In addition, as the Court is aware, Mr. Crowl's contacts were generally limited to Ms. Watkins and Mr. Caldwell.

Respectfully submitted,

/s/
_____
**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD  20777
240-472-3391

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the instant motion was served on all counsel of record via ECF this 26th day of June, 2023.

/s/
_____
**Carmen D. Hernandez**

4