IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| vs. * | Case No. 1:21-cr-00028-2 (APM) |
| * | |
| DONOVAN CROWL, * | |
| Defendant * | |
| * | |

ooOoo

**MOTION TO STAY SENTENCING HEARING PENDING THE SUPREME COURT'S RESOLUTION OF THE APPLICATION OF 18 U.S.C. §1512**

Donovan Crowl, by his undersigned counsel, respectfully moves this Honorable Court to stay his sentencing, currently scheduled for January 12, 2024 pending the Supreme Court's resolution of *Fischer v. United States,* No. 23-5572, which will determine whether 18 U.S.C. § 1512(c)(2) applies to the conduct of which Mr. Crowl has been convicted.

1. On December 13, 2023, the Supreme Court granted certiorari to resolve the question whether 18 U.S.C. § 1512(c), which makes it a crime to corruptly obstruct congressional inquiries and investigations reaches "acts unrelated to investigations and evidence" such as those with which Mr. Crowl was charged and convicted in connection with his conduct on January 6, 2021 at the United States Capitol. *United State v. Fischer*, --- S.Ct. ----, 2023 WL 8605748*, cert. grant*, (2023).[1] The Supreme Court will review the decision of the D.C. Circuit in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), which reversed Judge Nichols' decision dismissing a § 1512(c)(2) charge.

---

[1] The question presented in the petition for certiorari is:

Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ("Witness, Victim, or Informant Tampering"). Which prohibits obstruction of congressional inquiries and investigations. to include acts unrelated to investigations and evidence?

2. In a pretrial motion, Mr. Crowl preserved the very issue that the Supreme Court is to consider in *Fischer*. *See* Crowl Motion to Dismiss (ECF 288, 7/5/21).

3. The Supreme Court's resolution of *Fischer* directly implicates the lead count, § 1512 on which Mr. Crowl is to be sentenced.

4. The § 1512 obstruction count carries a statutory maximum sentence of 20 years' imprisonment, a class C felony. *See* 18 U.S.C. § 3559(a)(3). The only other offense of which Mr. Crowl has been convicted, 18 U.S.C. § 231 carries a statutory maximum sentence of 5 years imprisonment, a less serious offense, classified as a class D felony. *See* 18 U.S.C. § 3559(a)(4).

5. The § 1512 count drives the guideline calculation and recommended sentencing range, which the Court will consider in sentencing Mr. Crowl.

6. Mr. Crowl did not engage in violence on January 6, 2021. As the Court may recall, Mr. Crowl in fact assisted a member of the public who sprained her ankle while walking on the streets of the District of Columbia on January 6.

7. Were the § 1512 conviction to be vacated as a result of *Fischer*, Mr. Crowl's sentencing would be materially impacted as a number of the factors which the Court must consider at sentencing under 18 U.S.C. § 3553 would be more favorable to Mr. Crowl, including:

- the "nature and circumstances" of the offense, § 3553(a)(1);
- the "seriousness of the offense," § 3553(a)(2)(A);
- the "kinds of sentences available," § 3553(a)(3);
- the "kinds of sentence and the sentencing range," § 3553(a)(4); and
- the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," §3553(a)(6).

8. Moreover, were the Court to impose a term of imprisonment on Mr. Crowl, he would be seeking to remain on bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1)(B). The Supreme Court's review of § 1512(c) would certainly satisfy the requirement that the appeal raise a "substantial question of law."

9. As the Court implicitly found when it continued Mr. Crowl on release after convicting him, Mr. Crowl is not likely to flee and does not pose a danger to any person or to the community, as is also required for bail pending appeal, 18 U.S.C. § 3143(b)(1)(A).

10. Indeed, since March 2021, Mr. Crowl has been on pretrial release and been compliant with the conditions of release.

11. The stay would be for a limited and finite period of time as the Supreme Court will issue an opinion in *Fischer* no later than the end of its term in July 2024.

12. A stay of the sentencing hearing will preserve judicial resources and costs for the Court and the Probation Department and avoid duplication of efforts and unnecessary arguments. *See* Fed. R. Crim. Proc. 32(b)(2) (court may change time limits for sentencing); Fed. R. Crim. Proc. 2 ("rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay").

13. A short and finite stay of the proceedings is justified under all the circumstances in this case.

14. AUSA Alexandra Hughes has indicated that the government does not consent to this request.

## CONCLUSION

For all these reasons, and for any other reasons that may become apparent to the Court and are just and fair, Mr. Crowl respectfully requests that this Honorable Court stay his sentencing for the few months necessary for the Supreme Court to decide the applicability of 18 U.S.C. § 1512(c)(2) to Mr. Crowl's conduct.

Respectfully submitted,

*/s/ Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

**Counsel for Donovan Crowl**

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record this 15th day of December, 2023 on all counsel of record via ECF.

/s/

**Carmen D. Hernandez**