IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | Case No. 1:21-cr-00028-2 (APM) |
| | * | |
| DONOVAN CROWL, | * | |
| Defendant | * | |
| | * | |

ooOoo

### CONSENT MOTION TO STAY SENTENCING PENDING RESOLUTION OF THE APPLICATION OF 18 U.S.C. §1512 BY THE SUPREME COURT, AND IN LIGHT OF THE *BROCK* DECISION

Donovan Crowl, by his undersigned counsel, respectfully moves this Honorable Court to stay his sentencing, currently scheduled for March 22, 2024, pending the Supreme Court's resolution of *Fischer v. United States,* No. 23-5572, which will determine whether 18 U.S.C. § 1512(c)(2) applies to the conduct of which Mr. Crowl has been convicted. The motion is also based on the recent decision by the D.C. Circuit in *United States v. Brock,* No. 23-3045, 2024 WL 875795, at *8 (D.C. Cir. Mar. 1, 2024) (for purposes of U.S.S.G. § 2J1.2, the "phrase *administration of justice* does not encompass Congress's role in the electoral certification process"). AUSA Kathryn Rakoczy consents to this request.[1]

While the Court previously denied a motion to stay the sentencing in light of *Fischer*, (Minute Order, 12/20/23), circumstances are now changed both as a result of the *Brock* decision and the Government's decision to consent to this request.

---

[1] While the government previously objected to a stay pending the decision in *Fischer*, it has now changed its position. *See United States v. Caldwell*, No. 22-cr-015-10 (ECF 715, filed 12/15/23).

1.      The Supreme Court has scheduled oral argument for April 16, 2024, in the *Fischer* case, which will decide the applicability of the § 1512(c)(2) obstruction count to January 6 cases like Mr. Crowl's. *United State v. Fischer*, 144 S. Ct. 537 (2024).[2]

2.      More recently, in *United States v. Brock*, *supra*, a case involving a prosecution for January 6-related conduct, the D.C. Circuit reversed the imposition of a § 2J1.2 enhancement which applies where the offense involves "substantial interference with the administration of justice." U.S.S.G. § 2J1.2(b)(2).[3] *Brock* applies with equal force to Mr. Crowl's sentencing as the 2J1.2(b) enhancements involving the "administration of justice" account for 11-levels in Mr. Crowl's Presentence Report ("PSR") at ¶¶ 173-74 (ECF 1105).

3.      With the 11-level "administration of justice" enhancements affected by the *Brock* decision, the PSR calculated a recommended range of 57 to 71 months. PSR ¶ 236. Without the *Brock* enhancements, the recommended range falls to 15 to 21 months or lower.[4]

4.      In addition, the PSR does not contain a guideline calculation for the only other count as to which Mr. Crowl stands convicted, the § 231 civil disorder count because the obstruction and civil disorder counts are grouped.[5]

---

[2] *See* Crowl Motion to Dismiss (ECF 288, 7/5/21).

[3] Brock held that "for purposes of Sentencing Guideline 2J1.2, the phrase "administration of justice" does not encompass Congress's role in the electoral certification process. Instead, Section 2J1.2's text, context, and commentary show that "administration of justice" refers to judicial, quasi-judicial, and adjunct investigative proceedings, but does not extend to the unique congressional function of certifying electoral college votes." *Brock*, at *8.

[4] Mr. Crowl believes the recommended range should be 10 to 16 months based on his objection to the application of U.S.S.G. § 2J1.2(b)(3).

[5] As the § 231 count grouped with the § 1512 count, Mr. Crowl's guideline calculation is based entirely on the obstruction count that is under review in *Fischer*. PSR ¶¶ 169-70.

5.     In a similar case, where the only two felonies involved in the case were as here the 1512(c)(2) obstruction and the § 231 civil disorder, Judge Cooper stayed the sentencing until after the Supreme Court decides the *Fischer* case, in part in light of the uncertainty brought on by the *Brock* decision. *See United States v. Groseclose*, No. 21-cr-311, Minute Order, 3/7/24).[6]

6.     A stay of the sentencing hearing will preserve judicial resources and costs for the Court and the Probation Department, avoid duplication of efforts and unnecessary arguments for all, and a potential later resentencing.[7]

7.     At this point, a stay of the proceedings would involve only a few short months until the end of the Supreme Court term in June, 2024 and is justified under all that the circumstances in this case.

---

[6] The March 19, 2024 sentencing hearing is hereby vacated given the uncertainty over the applicable guideline calculations. By April 30, 2024, the Probation Office is directed to file a supplement to the draft PSR calculating the Defendant's guidelines range in the absence of his Section 1512 conviction. The parties should be prepared to lodge any objections to the draft PSR, and supplement if necessary, soon after the Supreme Court's ruling in Fischer issues and to file their respective sentencing memoranda and proceed to sentencing soon after the final PSR is completed. The Court will set the dates for those submissions and the sentencing hearing once Fischer is decided.

[7] Were the § 1512 conviction vacated, Mr. Crowl's sentencing would be materially impacted as the § 3553(a) factors which the Court must consider at sentencing would be more favorable to Mr. Crowl. Moreover, were the Court to impose a term of imprisonment on Mr. Crowl, he would be seeking to remain on bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1)(B) until the Fischer opinion were decided, again creating unnecessary and additional work for all involved.

## CONCLUSION

For all these reasons, and for any other reasons that are just and fair, Mr. Crowl, with the consent of the government, respectfully requests that this Honorable Court stay his sentencing for the few months necessary for the Supreme Court to decide *Fischer* decision which will resolve the applicability of 18 U.S.C. § 1512(c)(2) to Mr. Crowl's conduct and will prese.

Respectfully submitted,

*/s/ Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

**Counsel for Donovan Crowl**

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record this 12th day of March, 2024 on all counsel of record via ECF.

/s/

**Carmen D. Hernandez**