IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| vs. | * | Case No. 1:21-cr-00028-2 (APM) |
| | * | |
| **DONOVAN CROWL,** | * | |
| **Defendant** | * | |
| | * | |

ooOoo

**CONSENT MOTION TO CONTINUE SENTENCING HEARING
AND EXTEND TIME TO FILE SENTENCING MEMORANDA**

Donovan Crowl, by his undersigned counsel, respectfully moves this Honorable Court to continue the Sentencing Hearing, which is scheduled for November 12, 2024, at 2:00 p.m. and the deadline for filing the sentencing memoranda, which are due on November 1, 2024 for several reasons. Mr. Crowl respectfully requests that the Court rescheduled sentencing to a date in January 2025. The basis for the request is counsel's schedule as well as the fact that the United States has yet to determine the position it will take with respect to Mr. Crowl's conviction on the obstruction conspiracy in light of the Supreme Court's decision in *Fischer v. United States.* AUSA Kathryn Rakoczy consents to this request.

1. Mr. Crowl stands convicted after a bench trial held of two felony counts, conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k), which carries a statutory maximum penalty of 20 years imprisonment. He also stands convicted of civil disorder in violation of 18 U.S.C. § 231(a)(3)(2), which carries a statutory maximum penalty of 5 years' imprisonment. The obstruction conspiracy is based on a violation of 18 U.S.C. § 1512(c)(2).

2.	After the Court found Mr. Crowl guilty, the Supreme Court held that 18 U.S.C. § 1512(c)(2) – the "crime of corruptly 'otherwise' obstructing, influencing, or impeding official proceeding requires proof that defendant impaired availability or integrity for use in official proceeding of records, documents, objects, or other things used in the proceeding or attempted to do so." *Fischer v. United States*, 603 U.S. ___, 144 S. Ct. 2176 (2024), reversing a decision of the D.C. Circuit, which had upheld the use of § 1512 in the prosecution of January 6 defendants.

3.	Mr. Crowl preserved the objections to the applicability of the § 1512 obstruction statute to his conduct on January 6.[1] He believes that the Supreme Court's *Fischer* decision requires that his conviction on 18 U.S.C. § 1512(k) be vacated.

4.	The government's position on the viability of § 1512 convictions after *Fischer* appears to depend on its view of the evidence.[2] With respect to Mr. Crowl, the government has not yet determined the position it will take with respect to his § 1512 conviction.

---

[1] Tr. 7/10/23 (ECF 1168) at 56-57; Tr. 7/11/23 (ECF 1169) at 95-96.

[2] "On June 28, 2024, the Supreme Court issued its decision in United States v. Fischer, 603 U.S. ----, 144 S. Ct. 2176 (June 28, 2024). In that decision, the Supreme Court held that, in order to convict a defendant under Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information– or attempted to do so. The government does not concede that the evidence at trial was insufficient for a reasonable jury to conclude that the evidence met this standard. . . . Accordingly, recognizing Caldwell's unique position as compared to his co-defendants, and in the interest of judicial economy, the government does not oppose the Court setting aside the jury's verdict of guilt on Count Three. Alternatively, without conceding any procedural or substantive arguments in opposition to Caldwell's motion, the government would move to dismiss Count Three under Rule 48 of the Federal Rules of Criminal Procedure." *United States v. Caldwell*, No. 22-cr-15 (APM), Government's Response to Defendant's Motion to Reconsider Order Denying Motion for Judgment of Acquittal (ECF 895) at 1-2.

5. At this point, Mr. Crowl's Presentence Report continues to include an offense level calculation for the § 1512 offense, the more serious of the two offenses. Thus, the total offense level and advisory sentencing range, as well as the Probation Officer's recommendation are impacted by the guidelines calculation on the § 1512 conviction.

6. Were the government to determine that it will oppose vacating Mr. Crowl's § 1512 conviction, the parties agree that the Court would need to set a briefing schedule on the issue. On the other hand, were the government to determine that it does not oppose vacating the § 1512 conviction, a revised presentence report will be required.

7. For these reasons, therefore, the schedule presently in place for the sentencing hearing on November 12, 2024, and for the filing of sentencing memoranda on November 1, 2024, is not workable.

8. Moreover, it makes sense to avoid briefing of issues that may become unnecessary.

9. In addition, undersigned counsel has multiple matters pending in the next few months, including sentencing hearings, pretrial motions in complex multiple defendant cases for upcoming trials as well as pending appeals, in complex multi-defendant cases. The government's schedule is equally full.

10. Mr. Crowl has been on pretrial release since March 2021 and continues to be in full compliance with the conditions set by the Court.

11. For these reasons, therefore, Mr. Crowl respectfully moves the Court to reschedule his sentencing hearing to a date in 2025.

WHEREFORE, Donovan Crowl, respectfully requests, with the consent of the government that this Honorable Court continue the Sentencing Hearing from November 12, 2024 to a date in 2025 and extend the time for filing Sentencing Memoranda to a corresponding date.

Respectfully submitted,

*/s/ Carmen D.  Hernandez*

**Carmen D.  Hernandez**
Bar No.  MD03366
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record 25th day of October, 2024 on all counsel of record via ECF.

/s/

**Carmen D.  Hernandez**