IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | Case No. 21-cr-28 (APM) |
| : | |
| **DONOVAN CROWL,** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE GUILTY VERDICT AS TO COUNT ONE

Following a stipulated bench trial in July 2023, this Court found Defendant Donovan Crowl guilty of conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k), and interference with law enforcement officers during a civil disorder, in violation of 18 U.S.C. §§ 231(a)(3), 2. Sentencing is scheduled for January 22, 2025. On January 8, 2025, Defendant Donovan Crowl moved this Court to vacate its guilty verdict as to Count One, which charged conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k). Because of the unique circumstances of Defendant Crowl's case, the government does not oppose the defendant's motion.

On June 28, 2024, the Supreme Court issued its decision in *United States v. Fischer*, 603 U.S. ----, 144 S. Ct. 2176 (June 28, 2024). In that decision, the Supreme Court held that, in order to convict a defendant under Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information– or attempted to do so.

The government does not concede that the evidence at trial was insufficient for a reasonable finder of fact to conclude that the evidence met this standard. However, because of the limited

facts presented to the Court in the stipulated statement of facts presented to the Court during this trial, the government concedes that this is a much closer call than it would be in the trials of Crowl's co-defendants and co-conspirators. Additionally, Crowl has a second count of conviction, which was not impacted by the *Fischer* decision. Accordingly, recognizing Crowl's unique position as compared to his co-defendants and co-conspirators, and in the interest of judicial economy, the government does not oppose the Court setting aside its verdict of guilt on Count One. Alternatively, without conceding any procedural or substantive arguments in opposition to Crowl's motion, the government would move to dismiss Count One under Rule 48 of the Federal Rules of Criminal Procedure.

WHEREFORE, Defendant Crowl's motion should be granted, and the Court should proceed to sentencing solely on the charge of interfering with officers during a civil disorder.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:      /s/
Kathryn L. Rakoczy
D.C. Bar No. 994559
Alexandra Hughes
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530